UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-21555-CIV-COHN/SELTZER

KIMBERLY ANN MILES and JODY
HAYNES, her husband, individually and
as assignees of DANIEL WEINGRAD, M.D.

    Plaintiffs,

vs.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING MOTION TO ABATE AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court upon Defendant's Motion to Abate [DE 16] ("Motion"). The Court has carefully considered the Motion, Plaintiffs' Response [DE 19] ("Response"), Defendant's Reply [DE 22], the record in the case, and is otherwise advised in the premises.

In the Motion, Defendant seeks to abate this case until the Florida Supreme Court resolves the petition for discretionary review pending before it. Motion at 1. Defendant contends that because the appeal of the underlying state court judgment is still pending, Plaintiffs' claim for bad faith failure to settle a Florida lawsuit is not ripe. Id. Plaintiffs oppose the Motion, arguing that the sole issue on appeal is related to the amount in excess of the policy's limits, not the existence of an excess judgment. Response at 1. Thus, according to Plaintiffs, "the essential elements of Miles' claim are not implicated in the appeal." Id. at 2. Plaintiffs also contend that under Florida law, an allegation of a specific amount of damages is not required before bringing a bad faith

claim.  Id. at 6.  For the reasons discussed below, the Court agrees with Defendant that this case should be abated until all pending appeals are resolved.

In Florida, "[t]he essence of a 'bad faith' insurance suit ... is that the insurer breached its duty to its insured by failing to properly or promptly defend the claim ... all of which results in the insured being exposed to an excess judgment." Wachovia Ins. Serv. v. Toomey, 994 So. 2d 980, 989 (Fla. 2008) (quoting Fidelity & Cas. Co. of N.Y. v. Cope, 462 So. 2d 459, 460 (Fla. 1985)). "Federal courts interpreting Florida law have applied the rule that bad faith litigation is premature while appeals are pending." Denis v. Commerce Ins. Co., No. 09-21198, 2010 WL 374769, at *1 (S.D. Fla. Feb. 3, 2010) (citing Page v. QBE Ins. Corp., No. 09–20593–CIV, 2009 WL 1025716, at *2 (S.D. Fla. Apr. 15, 2009)); see also Romano v. Am. Cas. Co. of Reading, Pa., 834 F.2d 968, 970 (11th Cir.1987) (noting that the Eleventh Circuit "requires that the appellate process be complete before the cause of action for bad faith insurance practices is ripe"). "Florida law provides that a bad faith claim cannot be prosecuted prior to its accrual."  Cincinnati Ins. Co. v. Schornberg, No. 2:12-cv-446-FtM-99SPC, 2013 WL 3771221, at *3 (M.D. Fla. July 16, 2013) (citing Bolen v. Ill. Nat. Ins. Co., No. 6:10-CV-1280-Orl-36DAB, 2012 WL 4856753, at *3 (M.D. Fla. Oct. 12, 2012)).  "Accrual requires a determination of liability and damages, and the resolution of all appeals."  Id.; see also State Farm Mut. Auto. Ins. Co. v. O'Hearn, 975 So. 2d 633, 635-36 (Fla. Dist. Ct. App. 2008) ("When a plaintiff does not and cannot allege that there has been a final determination of both the insurer's liability and the amount of damages owed by the insurer, the plaintiff's bad faith claim is premature and should be either dismissed without prejudice or abated.") (citations omitted).

Here, it is undisputed that the amount of damages Plaintiffs seek in this action are not final. As Plaintiffs acknowledge, this case seeks "to recover the excess judgment resulting from Lexington's bad faith failure to settle claims made against its insured." Response at 3. Because the amount of damages is still pending on appeal, the Court finds that this action has not yet accrued. Accordingly, the Court will grant the Motion, abate Plaintiffs' claim, and administratively close the case while the appellate process proceeds.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Abate [DE 16] is **GRANTED**;

2. This case is **ABATED** pending the Florida Supreme Court's resolution of the pending appeal;

3. The Clerk is directed to **ADMINISTRATIVELY CLOSE** this case for statistical purposes;

4. This case may be reopened upon the motion of either party; and

5. The parties are directed to file joint status reports apprising the Court of the status of the appeal every three months until the case is reopened. .

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida, this 2nd day of August, 2013.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.